-PS-O-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**LAWRENCE G. SPAIGHT,**

                Petitioner,

     -v-                                                 **06-CV-0115Sr**

**ROBERT DENNISON,**

                Respondent.

---

## DECISION AND ORDER[1]

On February 23, 2006, petitioner filed a pro se petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, challenging a 2003 denial of parole by the New York State Division of Parole, Parole Board ("Parole Board") (Docket No. 1). On May 22, 2006, respondent filed a response to the petition, and a declaration and memorandum of law in opposition to the petition. (Docket Nos. 6-8). On August 9, 2006, petitioner filed a motion to amend the petition to strike or dismiss all the unexhausted claims in his petition as enumerated in respondent's memorandum of law in opposition to his petition. (Docket No. 17-18). On August 11, 2006, respondent's counsel submitted a letter to the Court indicating that petitioner did not serve her with a copy of the motion to amend and asking the Court for a date certain to respond to the motion. (Docket No. 19). On August 15, 2006, the Court entered an Order advising the parties that petitioner shall have until September 15, 2006, to "serve and file" his motion to amend the petition, respondent shall

---

[1] Upon the consent of the parties herein, this matter has been referred to the undersigned, pursuant to 28 U.S.C. § 636(c), for all further proceedings and the entry of judgment.

have until October 6, 2006, to serve and file a response to the motion, and petitioner may serve and file reply papers, if any, no later than October 27, 2006.  (Docket No. 20).  On August 21, 2006, petitioner re-filed a motion to amend the petition (Docket No. 21, and a memorandum of law in support (Docket No. 22), and on September 27, 2006, respondent filed a response to the motion.  (Docket No. 24).  Just recently, petitioner filed a motion to submit additional evidence (Docket No. 26), and respondent filed a response to that motion on March 1, 2007.

**MOTION TO AMEND PETITION**

Initially, the Court notes that petitioner's first motion to amend to strike or dismiss unexhausted claims (Docket No. 17), is moot in light of the Court's subsequent Order (Docket No. 20), directing petitioner to both serve and file the motion to amend, which he later did (Docket No. 21).  Accordingly, petitioner's first motion to amend will be denied as moot.

Petitioner's re-filed motion to amend again seeks to amend his petition to strike from the petition those claims that respondent's "answer" (memorandum of law), notes are unexhausted or deemed exhausted and procedurally barred.  (Docket No. 22, Petitioner's Memorandum of Law, pp. 1-2).  Petitioner does not delineate those claims he seeks to strike other than to state that he seeks to strike those claims that respondent's answer notes are unexhausted so that the entire petition, including his exhausted claim, is not dismissed and he is thereby denied review of the petition.  (Docket No. 22, pp. 1-2). In response to the motion to amend, respondent's counsel restates what claims she initially

noted in her memorandum of law in opposition to the petition were exhausted and unexhausted or procedurally barred. (Docket No. 24, Response to Motion to Amend, ¶¶ 2-3). The exhausted claim is the claim that the Parole Board relied solely on the nature and severity of petitioner's underlying crime in denying parole, and failed to evaluate the statutory factors. (Docket No. 24, ¶ 2; Docket No. 1, Petition, ¶ 22A; Docket No. 8, Respondent's Memorandum of Law ("Resp.'s Mem."), p. 9). The unexhausted or procedurally barred claims, as set forth by respondent's counsel, are: (1) the Parole Board's decision was pre-determined; (2) petitioner was re-sentenced in violation of the Separation of Powers and Double Jeopardy Clauses of the United States Constitution; (3) an automatic denial of parole constitutes a due process violation; (4) the Parole Board's repeated denial of release to parole while other inmates were granted parole is a violation of the Equal Protection Clause; (5) the record contained no aggravating or egregious circumstances justifying a denial of parole; (6) the New York State Sentencing Reform Act of 1995 violated petitioner's due process rights and was an "ex post facto" violation; and (7) the Third and Fourth Departments of New York State Supreme Court, Appellate Division, have issued conflicting decisions with respect to whether parole is properly denied based on the seriousness of the underlying crime. (Docket No. 24, ¶ 2; Docket No. 1, Petition, ¶ 22A-C; Resp's Mem., pp. 7-8).[2]

---

[2]The petition does not neatly separate the claims into grounds or claims one-seven. (Docket No. 1, Petition, ¶ 22 A, B and C). The petition raises in Ground One the following claims: the Parole Board relied solely on the nature and severity of petitioner's underlying crime in denying parole; the Parole Board's decision was pre-determined; petitioner was re-sentenced in violation of the Separation of Powers and Double Jeopardy Clauses of the United States Constitution; an automatic denial of parole constitutes a due process violation; the record contained no aggravating or egregious circumstances justifying a denial of parole; and the Parole Board's repeated denial of his release to parole while other inmates were granted parole is a violation of the Equal Protection Clause. (Docket No. 1, at ¶ 22A). Ground Two of the petition raise the following claim: the New York State Sentencing Reform Act of 1995 violated petitioner's due process rights

Based on petitioner's initial motion to amend (Docket No. 17-18), and the motion now being considered (Docket No. 21-22), it is clear that petitioner does not contest respondent's claim that the above-noted claims are either unexhausted or procedurally barred and requests that they be dismissed so that they do not jeopardize the claim that is exhausted.[3]  Accordingly, petitioner's motion to amend the petition to dismiss or strike those claims set forth above is granted and said claims are dismissed without prejudice.

Petitioner is advised that if he wants to attempt to have those now-dismissed claims considered by this Court he will have to file and serve a motion to stay the petition under *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005), because if he later attempts to add them to this matter following his efforts to exhaust them, he may be time barred from doing so under 28 U.S.C. § 2244(d)(1), *see Duncan v. Walker*, 533 U.S. 167 (2001),[4] or, if he

---

and was an "ex post facto" violation. (Docket No. 1, at ¶ 22B).  Ground Three of the petition claims that the Third and Fourth Departments of New York State Supreme Court, Appellate Division, have issued conflicting decisions with respect to whether parole is properly denied based on the seriousness of the underlying crime. (Docket No. 1, at ¶ 22C).

[3] Petitioner's counsel's memorandum of law in support of petitioner's Article 78 proceeding, N.Y.C.P.L.R. § 7801 *et seq.,* challenging the Parole Board's denial of parole raises the claim that the Parole Board's decision was "[a]rbitrary, [c]apricious, and [w]as [r]endered [i]n [v]iolation of [a]pplicable [l]aw" on the basis that the Parole Board considered only the seriousness of petitioner's underlying offense of murder in the second degree and denied parole despite petitioner's positive programming, positive institutional adjustment and clean disciplinary record. (Docket No. 7, Declaration of Robert Dennison, Ex. H, Memorandum of Law, pp. 3-7). Petitioner's counsel's "Brief" in support of his application for leave to appeal to the Appellate Division, Fourth Department, from the New York Supreme Court, Wyoming County's denial of petitioner's Article 78 proceeding stated that the argument raised below that the Parole Board's decision was arbitrary and capricious "was based upon the fact that [petitioner] had repeatedly been denied parole based exclusively upon the seriousness of the instant offense." (Docket No. 7, Ex. K, Brief for Appellant, pp. 2-3).

[4] In *Duncan*, the United States Supreme Court held that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of the tolling provision of 28 U.S.C. § 2244(d)(2). Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition.  Thus, a petitioner seeking to withdraw certain claims raised in the petition in order to exhaust said claims may later be foreclosed from coming back to federal court for habeas relief on those claims by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition.

seeks to raise them in a subsequent habeas corpus proceeding, he may be foreclosed from doing so under the second or "successive" petition rule of 28 U.S.C. § 2244(b).

The issuance of such a stay and abeyance order is only appropriate, however, where the Court determines that there was "good cause" for the petitioner's failure to exhaust his claims in state court, the unexhausted claims are not "plainly meritless," and there is no indication that the petitioner engaged in "intentionally dilatory litigation." *Rhines*, 544 U.S. at 277-79. Therefore, if petitioner seeks to have this petition stayed and held in abeyance pending any efforts he may decide to take in order to exhaust the now-dismissed unexhausted claims initially raised in his petition, he will have to file and serve a motion and establish therein the standards set forth in *Rhines*.

**2005 PAROLE DENIAL**

As noted, the petition challenges the constitutionality of the denial of release to parole in 2003. Petitioner's memorandum of law in support of the motion to amend, however, also addresses respondent's claim raised in his response to the petition (Docket No. 8, Resp.'s Mem., pp 10-12), that a subsequent appearance before the Parole Board and denial of parole in 2005 mooted petitioner's claim related to the denial of parole in 2003. (Docket No. 22, Pet. Memorandum of Law, pp. 2-3). Respondent construes said discussion in petitioner's motion as a request to add as a separate and distinct claim to this petition the 2005 denial of parole, which he opposes because the petition challenges only the 2003 parole denial. (Docket No. 24, Declaration in Response to Motion to Amend,

¶ 3).  To the extent that petitioner may be asking only that the Court consider the 2005 denial of parole in relation to the mootness argument raised by respondent, respondent does not oppose the Court's consideration of the later parole denial.  (Docket No. 24, ¶ 3).

Based on a review of petitioner's memorandum of law related to the issue of the 2005 parole denial (Docket No. 22, pp. 2-3), it appears to the Court that petitioner is not seeking to add as a claim the constitutionality *vel non.* of the 2005 parole denial but is simply challenging respondent's contention that the petition is moot based on the 2005 parole denial.  To the extent that the 2005 denial is relevant to the issue of whether the claim raised in the petition--*i.e.*, the constitutionality of the 2003 parole denial--is moot, it may be considered by the Court, but since petitioner is not requesting that the Court allow him to amend the petition to add the 2005 parole denial as a separate and distinct claim herein, the Court need not address it as a motion to amend.  If petitioner does seek to add the 2005 denial of parole as a separate and distinct claim to this petition he will need to file and serve a motion to amend the petition to add such a claim.  *See Mayle v. Felix*, — U.S. —, 125 S. Ct. 2562, 2571-73, 162 L. Ed. 2d 582 (2005) ("An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

**MOTION TO SUBMIT ADDITIONAL EVIDENCE–2007 PAROLE BOARD RELEASE DECISION NOTICE**

Petitioner recently filed a motion to submit as additional evidence in this proceeding, the Parole Board's February 15, 2007, decision to deny him release on parole. Petitioner notes that he seeks to submit the Parole Board's decision in support of his argument that the instant habeas petition with respect to the constitutionality of the 2003 parole denial is not moot as a result of subsequent parole denials. This is similar to the issue raised in petitioner's motion to amend the petition and addressed above, and respondent does not oppose the motion to submit the 2007 Parole Board decision as long as the decision and its constitutionality *vel non.* is not considered a separate and distinct claim in this matter. (Docket No. 26, Declaration in Response, ¶ 2). Because the Court does not construe this motion as a request to add as a separate and distinct claim in this matter the constitutionality of the 2007 Parole Board Decision, the motion is granted to the extent petitioner seeks to submit the 2007 Parole Decision solely for consideration of the issue of whether the instant petition challenging the 2003 Parole Board Decision is moot as a result of the subsequent parole denials.

**IT IS HEREBY ORDERED** that petitioner's initial motion to amend the petition (Docket No. 17), is **DENIED** as moot.

**FURTHER**, that petitioner's re-filed motion to amend (Docket No. 21), is **GRANTED** and the following claims are dismissed without prejudice: (1) the Parole Board's decision was pre-determined; (2) petitioner was re-sentenced in violation of the Separation

of Powers and Double Jeopardy Clauses of the United States Constitution; (3) an automatic denial of parole constitutes a due process violation; (4) the Parole Board's repeated denial of release to parole while other inmates were granted parole is a violation of the Equal Protection Clause; (5) the record contained no aggravating or egregious circumstances justifying a denial of parole; (6) the New York State Sentencing Reform Act of 1995 violated petitioner's due process rights and was an "ex post facto" violation; and (7) the Third and Fourth Departments of the New York State Supreme Court, Appellate Division, have issued conflicting decisions with respect to whether parole is properly denied based on the seriousness of the underlying crime. (Docket No. 24, ¶ 2; Resp's Mem., pp. 7-8).

**FURTHER**, that petitioner's motion to submit as additional evidence the 2007 Parole Decision of the Parole Board, dated February 15, 2007 (Docket No. 26), is **GRANTED**, and the Clerk of the Court is directed to detach the Parole Board Decision from the motion and docket it separately as the "New York State Division of Parole, Parole Board Release Decision Notice, dated February 15, 2007."

**SO ORDERED**.

Dated:   Buffalo, New York
         March 30, 2007

                                            S/ H. Kenneth Schroeder, Jr.
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**

8