**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

**LAWRENCE G. SPAIGHT,**

                                **Petitioner,**                  06-CV-0115(Sr)

v.

**ROBERT DENNISON,**

                                **Respondent.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #16. Currently pending before this Court is the petitioner's motion for permission to submit additional evidence in support of his habeas petition. Dkt. #35.

Petitioner Lawrence G. Spaight commenced this action on or about February 23, 2006, pursuant to Title 28, United States Code, Section 2254, challenging a 2003 denial of parole by the New York State Division of Parole, Parole Board ("Parole Board"). Dkt. #1. On May 22, 2006, respondent filed a response to the petition. Dkt. ##7-8. Petitioner then filed a motion to amend the petition (Dkt. ##17 and 21) and a motion to submit additional evidence (Dkt. #26). Thereafter, on March 30, 2007, this Court issued a Decision and Order denying as moot petitioner's first motion to amend the petition to strike or dismiss unexhausted claims (Dkt. #17), granting petitioner's re-

filed[1] motion to amend the petition (Dkt. #21) and granting petitioner's motion to submit additional evidence (Dkt. #26). Dkt. #29. Specifically, petitioner's re-filed motion to amend the petition (Dkt. #21) sought to strike from the petition those claims that respondent argued in his memorandum of law in opposition to the petition were "unexhausted" or deemed exhausted and procedurally barred. For the reasons stated in its March 30, 2007 Decision and Order, this Court granted petitioner's motion to amend the petition to dismiss or strike certain claims and accordingly, those claims were dismissed without prejudice. Dkt. #29, p.4.

As noted above, the petition challenges the constitutionality of the Parole Board's 2003 denial of parole. In his memorandum of law in response to the petition, the respondent argues that a subsequent appearance before the Parole Board in 2005 and the denial of parole in 2005 moots petitioner's claim concerning the 2003 denial of parole. Dkt. #8, pp.10-12. Thereafter, in his memorandum of law in support of his motion to amend the petition (to dismiss or strike certain claims) (Dkt. #22), petitioner attempted to address respondent's mootness argument. As set forth in this Court's

---

[1] On August 9, 2006, the petitioner filed a motion to amend the petition to strike or dismiss all the unexhausted claims in his petition as enumerated in the respondent's memorandum of law filed in response to his petition (Dkt. #8). Dkt. ##17-18. On August 11, 2006, respondent's counsel submitted a letter to the Court stating that petitioner did not serve her with a copy of the motion to amend and requested the Court to set a date for the filing of a response to the motion to amend. Dkt. #19. Thereafter, on August 15, 2006, this Court entered an Order permitting, *inter alia*, the petitioner to have until September 15, 2006 to "serve and file" his motion to amend the petition. Dkt. #20. Consistent with this Court's Order, the petitioner re-filed his motion to amend the petition and an accompanying memorandum of law on August 21, 2006. Dkt. ##21-22.

March 30, 2007 Decision and Order, it did not appear to the Court that the petitioner was seeking to add a claim concerning the constitutionality of the 2005 parole denial, rather, the petitioner was challenging the respondent's argument that the petition is moot based on the 2005 parole denial. Dkt. #29, p.6. Notably, in February 2007 (and again in April 2008), petitioner sought to submit additional evidence in support of his argument that the instant habeas petition concerning the 2003 denial of parole is not moot by reason of subsequent parole denials. Dkt. ##26 and 35. Respondent did not oppose petitioner's February 2007 motion to submit additional evidence in support of his habeas petition, *to wit*, the February 2007 Parole Board Release Decision Notice. Dkt. #27. Specifically, respondent stated, "[r]espondent has no objection to the addition of this notice to the papers before the Court. However, to the extent that respondent [sic] (more correctly, petitioner) suggests that the 2007 determination violated his constitutional rights, the Court may not consider this issue, as petitioner has not administratively exhausted his claims with respect to the 2007 determination." Dkt. #27, ¶ 2. In its Decision and Order this Court stated,

> [b]ecause the Court does not construe this motion as a request to add as a separate and distinct claim in this matter the constitutionality of the 2007 Parole Board Decision, the motion is granted to the extent petitioner seeks to submit the 2007 Parole Decision solely for consideration of the issue of whether the instant petition challenging the 2003 Parole Board Decision is moot as a result of the subsequent parole denials.

Dkt. #29, p.7.

Presently before this Court is the petitioner's motion for permission to submit additional evidence in support of his habeas petition. Dkt. #35. Respondent did

not file a response to the instant motion.  As with petitioner's previous motion to submit additional evidence which was, in part, the subject of this Court's March 30, 2007 Decision and Order, the petitioner is not seeking to add a separate and distinct claim with respect to the constitutionality of the 2007 Parole Board decision, rather the petitioner is once again seeking to submit the additional evidence, *to wit*, the Administrative Appeal Decision Notice and Statement of Appeals Unit Findings & Recommendation, solely for consideration of the issue of whether the instant petition challenging the 2003 Parole Board Decision is moot as a result of the subsequent parole denials.  Accordingly, subject to the foregoing limitation with respect to the purpose for the submission of this additional evidence, petitioner's motion is granted.

It is hereby **ORDERED** that petitioner's motion to submit as additional evidence the 2008 Administrative Appeal Decision Notice and Statement of Appeals Unit Findings & Recommendation (Dkt. #35) is **GRANTED**, and the Clerk of Court is directed to detach the Administrative Appeal Decision Notice and Statement of Appeals Unit Findings & Recommendation (two pages) from the motion and docket it separately

as the "New York State Division of Parole Administrative Appeal Decision Notice and Statement of Appeals Unit Findings & Recommendation."

**SO ORDERED.**

Dated:	Buffalo, New York
	September 16, 2009

	**s/ H. Kenneth Schroeder, Jr.**
	**H. KENNETH SCHROEDER, JR.**
	**United States Magistrate Judge**