UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LAWRENCE G. SPAIGHT,

                Petitioner,         06-CV-0115(Sr)

v.

ROBERT DENNISON,

                Respondent.

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #16.

Petitioner Lawrence G. Spaight commenced this action on or about February 23, 2006, pursuant to Title 28, United States Code, Section 2254, challenging a 2003 denial of parole by the New York State Division of Parole ("Parole Board"). Dkt. #1. The Court subsequently granted petitioner's motion to amend the petition to dismiss unexhausted claims without prejudice. Dkt. #29, p.4. As a result, the only issue pending is whether the Parole Board improperly relied solely on the severity of petitioner's crime in denying petitioner parole.

## BACKGROUND

Petitioner was convicted following a jury trial of second degree murder and criminal possession of a weapon, second degree and sentenced to a principal indeterminate prison term of 15 years to life. Dkt. #7-2, p.7. At his parole hearing on February 11, 2003, petitioner continued to deny that he shot his wife, claiming instead that she shot herself. Dkt. #7-2, pp. 20-22. The parole board noted petitioner's clean disciplinary record since his last appearance and successful programming, including a degree from a consortium college program and a certificate in masonry. Dkt. #7-2, pp.24-25. The parole board also noted that petitioner had a job waiting for him with a contracting company, a fiancee with whom he could reside and community support from her church. Dkt. #7-2, pp.25-27.

The Parole Board denied parole and placed petitioner on a 24-month hold, explaining:

> Parole is again denied due to the serious nature of the instant offense, murder second and criminal possession of a weapon second, wherein you shot your wife with a .22 caliber revolver, thereby causing her death. We note your positive programming and disciplinary record in the past two years, but find more compelling your total disregard for a life of another. All factors considered, parole cannot be granted.

Dkt. #7-2, p.29. On administrative appeal, petitioner argued that the Parole Board's decision was arbitrary, capricious, irrational and violated the mandates imposed by the legislature. Dkt. #7-2, p.37. The administrative appeal was denied. Dkt. #7-2, p.54.

Petitioner commenced an article 78 proceeding in the New York State Supreme Court, Wyoming County, arguing that the Parole Board's decision was

arbitrary, capricious, irrational and violated the mandates imposed by the legislature.

Dkt. #7-2, p.68. By Memorandum and Judgment entered March 12, 2004, the Hon.

Mark H. Dadd, Acting Supreme Court Justice, determined that

> The petition is without merit. The Board of Parole could cite the serious and violent conduct underlying the petitioner's conviction for Murder in the Second Degree as sufficient grounds for denying release. The commissioners also had discretion to place greater weight on this criminal conduct than they placed on the favorable institutional adjustment noted in their decision and the petitioner's proposed release plans. Furthermore, their decision did not have to specifically mention every factor weighed in reaching a determination. Petitioner has not demonstrated that the commissioners failed to give fair consideration to all the relevant statutory factors pursuant to Executive Law § 259-i(2)(c). Thus, judicial intervention is precluded in this matter because the petitioner has failed to establish that the respondent's decision was made in violation of the law or not supported by the record and tainted by "irrationality bordering on impropriety."

Dkt. #7-2, pp.131-32 (internal citations omitted).

On appeal to the New York State Supreme Court, Appellate Division, Fourth Department ("Appelalte Division"), petitioner argued that the court should revisit the propriety of repeated parole release denials based exclusively upon the nature of the underlying offense and that the appeal should not be considered moot if petitioner's next appearance preceded the Appellate Division's consideration of petitioner's appeal. Dkt. #7-2, pp.146 & 152.

Petitioner appeared before the Parole Board on February 8, 2005 and was denied parole in accordance with the following determination:

> Your instant offenses of murder 2nd and CPW 2nd involve you shooting to death your wife with a .22 caliber 9 shot revolver which you possessed illegally and brought into your home. . . . . you have told two different stories about your wife's death, claiming at the PSI interview that she shot herself. You have failed to assume responsibility for the death which you caused. We note your programming and your clean disciplinary record since your last Board. However, to grant you discretionary release at this time would so deprecate the nature of your crime as to undermine respect for the law. You caused the death of another human being. Your conduct shows your disregard for the value of human life, and the rights of others.

Dkt. #7-3, p.56. As a result of his reappearance before the Parole Board, the Appellate Division dismissed the appeal as moot. *Spaight v. Dennison*, 17 A.D.3d 1160 (4th Dep't 2005). The New York State Court of Appeals denied leave to appeal. *Spaight v. Dennison*, 5 N.Y.3d 708 (2005).

Petitioner was again denied parole following an appearance before the Parole Board on February 15, 2007. Dkt. ##30 & 38. The Parole Board determined that

> After a careful review of your record, a personal interview, and deliberation, parole is denied. Your institutional record and release plans are noted. However, the gravity of your instant offense, wherein you stand convicted of killing your wife, remains of concern to the panel and leads to the conclusion that discretionary release at this time is inappropriate. For this panel to hold otherwise would so deprecate the seriousness of your crime as to undermine respect for the law.

Dkt. #30-2, p.2.

## **DISCUSSION**

**Exhaustion**

Before a federal court can address the merits of any federal issue contained in a petition for a writ of *habeas corpus,* the petitioner must have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see O'Sullivan v. Boerckel*, 526 U.S. 838, 843-44 (1999). Pursuant to New York law, an inmate challenging a denial of parole must file an administrative appeal with the Appeals Unit and, if that appeal is denied, must seek relief in state court pursuant to Article 78 of the CPLR. *See Scales v. New York State Div. of Parole*, 396 F. Supp.2d 423, 428 (S.D.N.Y. 2005). If the Article 78 petition is denied, petitioner must appeal the denial to the "highest state court capable of reviewing it." *Id., quoting Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003); *see O'Sullivan v. Boerckel*, 526 U.S. at 845 ( "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *see also Tatta v. Miller*, No. 05-CV-1205, 2005 WL 2806236, at *1 (E.D.N.Y. Oct. 27, 2005) (Petitioner exhausted his state court remedies by seeking a writ of mandamus pursuant to Article 78 of the CPLR, appealing to the Appellate Division and seeking leave to appeal to the Court of Appeals). As petitioner complied with the review procedures available to him in state court, his claim that the Parole Board's decision was arbitrary, capricious, irrational and violated the mandates imposed by the legislature is exhausted.

**Mootness**

Respondent argues that the petition is moot because petitioner appeared before the Parole Board in 2005 and 2007. Dkt. #8, p.14.

Petitioner argues that the petition is not moot because the Parole Board continues to deny his release solely based upon the severity of the crime of conviction. Dkt. #18, p.32.

A prisoner who successfully challenges a denial of parole is entitled to a rehearing, not release. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). New York law is well settled, "any challenge to a parole board hearing must be dismissed if petitioner is reconsidered for parole." *Graziano v. Lape*, No. 9:04-CV-84, 2008 WL 2704361, at *4 (N.D.N.Y. July 2, 2008), *citing Boddie v. New York State Division of Parole*, 285 F.Supp.2d 421, 427 (S.D.N.Y. 2003); *see also*, *Robles v. Dennison*, No. 05-CV-0428, 2007 WL 2187303, at *1 (W.D.N.Y. July 30, 2007). Where, as here, however, the length of time required to exhaust state remedies and obtain a determination on a petition for writ of *habeas corpus* all but ensures that a petitioner will have received a rehearing before the Court can assess the merits of a claimed deficiency in the parole proceeding, courts have expressed concern that deeming such petitions moot could effectively allow New York to avoid federal review of its parole decisions altogether. *See Siao-Pao v. Mazzuca*, 442 F. Supp.2d 148, 153 (S.D.N.Y. 2006); *Boddie*, 285 F. Supp.2d at 427-28.

"A case is deemed moot where the problem sought to be remedied has ceased and where there is no reasonable expectation that the wrong will be repeated." *Prins v. Coughlin*, 86 F.3d 504, 506 (2d Cir. 1996). As petitioner claims that the wrong asserted in this petition, *to wit*, the Parole Board's sole reliance upon the nature of his crime as a basis for denying parole, has been repeated in subsequent appearances before the Parole Board, the Court declines to find the petition moot and instead determines that the better course is to address the merits of petitioner's claim.

**AEDPA Standard of Review**

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), where a state court has adjudicated the merits of a petitioner's claim, relief may not be granted unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The amended standard of § 2254(d)(1) requires the federal court to give considerably more deference to the state court's legal determinations than did the pre-AEDPA standard. *Marcelin v. Garvin*, No. 97 CIV 2296, 1999 WL 977221, at *6 (S.D.N.Y. Oct. 26, 1999); *Tascarella v. Reynolds*, No. 97 CV 111, 1998 WL 912010, at

*1-2 (W.D.N.Y. Dec. 30, 1998). As stated by the United States Supreme Court:

> § 2254(d)(1) places a new constraint on the power of a federal *habeas* court to grant a state prisoner's application for a writ of *habeas corpus* with respect to claims adjudicated on the merits in state court. . . . Under the "contrary to" clause, a federal *habeas* court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J.); *see Sacco v. Cooksey*, 214 F.3d 270, 273 (2d Cir. 2000), *cert. denied*, 531 U.S. 1156 (2001). Thus, a federal court may only grant *habeas* relief where the state court's application of clearly established federal law was not only erroneous, but objectively unreasonable. *Williams*, 529 U.S. at 409; *see Yarborough v. Alvarado*, 541 U.S. 652, 665 (2004) ("We cannot grant relief under AEDPA by conducting our own independent inquiry into whether the state court was correct as a *de novo* matter.").

**Denial of Parole**

Petitioner argues that the Parole Board's refusal to allow parole based solely upon the nature of his crime violates his constitutional right to due process. Dkt. #18, p.33.

Respondent asserts that the state court's determination that the Parole Board's reliance on the serious nature of petitioner's crimes did not violate petitioner's

due process rights and was not contrary to, or based on an unreasonable application of, Supreme Court precedent. Dkt. #8, p.16.

It is well-settled that a prisoner does not have a constitutional or inherent right to be released before the expiration of a valid sentence. *Barna v. Travis*, 239 F.3d 169, 170-71 (2d Cir. 2001); *Klos v. Haskell*, 48 F.3d 81, 86 (2d Cir. 1995); *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *Wolf v. McDonnell*, 418 U.S. 539, 557 (1974). A prisoner may have an interest in parole that is protected by the Due Process Clause only if he has a legitimate expectancy of release that is grounded in the state's statutory scheme. *Barna v. Travis,* 239 F.3d 169, 171 (2d Cir. 2001); *see also, Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1, 11-13 (1979); *Berard v. State of Vt. Parole Bd.*, 730 F.2d 71, 75 (2d Cir.1984); *Boothe v. Hammock*, 605 F.2d 661, 663 (2d Cir.1979). "Neither the mere possibility of release, nor a statistical probability of release gives rise to a legitimate expectancy of release on parole." *Barna*, 239 F.3d at 171.

The New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release. The statute provides:

> [d]iscretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, he will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.

N.Y. Exec. Law § 259-i(2)(c)(A). Thus, "[i]t is apparent that New York's parole provisions ... do not establish a scheme whereby parole shall be ordered unless specified conditions are found to exist.... [N]o entitlement to release is created [by the parole provisions]." *Boothe v. Hammock*, 605 F.2d at 664. As a result, the constitution requires only that petitioner be afforded "an opportunity to be heard," and that he be informed "in what respect he falls short of qualifying for parole." *Greenholtz*, 442 U.S. at 16. Moreover, parole may not be denied "arbitrarily or capriciously, based on inappropriate consideration of a protected classification or an irrational distinction, or by reason of any other constitutionally unlawful grounds." *Manley v. Thomas*, 255 F. Supp.2d 263, 266 (S.D.N.Y. 2003).

In the instant case, petitioner was afforded the opportunity to be heard and informed of the reason parole was denied. There is no evidence that the denial of parole was based upon a constitutionally unlawful consideration. To the contrary, the Parole Board was clear that parole was denied petitioner based upon the serious nature of his offense, which is constitutionally permissible. *See Siao-Pao,* 442 F. Supp.2d at 155; *Bodie*, 288 F. Supp.2d at 428; *Manley*, 255 F. Supp.2d at 267. Therefore, the petition is without merit.

## **CONCLUSION**

Based on the foregoing, the petition for writ of *habeas corpus* is **DENIED**. The Clerk of the Court is directed to enter judgment in favor of respondent.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision and order may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Court also finds that the petition presents no question of substance for appellate review, and that petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Fed.R.App.P. 22(b). Accordingly, a certificate of appealability will not issue.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**May 24 , 2010**

 s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**